IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>MAXON ENGINEERING SERVICES, INC.,<br><br>          Debtor(s) | Case No. 04-04781 (MCF)<br><br>Chapter 7 |
| MAXON ENGINEERING SERVICES, INC.,<br><br>          Plaintiff(s),<br><br>               v.<br><br>SINDICATO DE CAMIONEROS, INC.,<br><br>          Defendant(s). | Adv. No. 07-00171 (MCF) |

OPINION AND ORDER

The debtor, Maxon Engineering Services, Inc. ("Debtor"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 4, 2004 (Case No. 04-04781, Docket No. 1).  On May 24, 2004, Debtor filed its schedules and disclosed those payments made within ninety days of the filing of the petition (Case No. 04-04781, Docket No. 40 at pp. 114-135).  The case was later converted to a proceeding under Chapter 7 of the Bankruptcy Code on June 13, 2006, and Noreen Wiscovitch-Rentas was appointed as trustee on June 14, 2006 (Case No. 04-04781, Docket No. 1003).

The Chapter 7 trustee filed the instant adversary proceeding for recovery of certain preferential payments made to the defendant, Sindicato de Camioneros, Inc. ("Defendant"), on account of a prepetition debt on June 11, 2007 (Adv. No. 07-00171, Docket

No. 1).  On September 29, 2010, Defendant requested the dismissal of the adversary proceeding alleging that the complaint is time barred under 11 U.S.C. §546(a) (Adv. No. 07-00171, Docket No. 47 and 49).  The Chapter 7 trustee has not opposed Defendant's motion to dismiss to date.

Section 546 of the Bankruptcy Code establishes a limitation period on the trustee's ability to avoid prepetition preferences. It states that:

(a)  An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
    (1) the later of—
        (A) 2 years after the entry of the order for relief; or
        (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
    (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).

Hence, a trustee's limitation period for exercising avoidance actions for prepetition preferences is two years after the order for relief or one year after the appointment of a Chapter 7 trustee, if the trustee is appointed within the initial two year period. 11 U.S.C. § 546(a).

The present adversary proceeding was not filed within the two years after the entry of the order for relief.  Furthermore, the appointment of the Chapter 7 trustee did not occur within the two years after the entry of the order for relief.  As such, by utilizing a strict application of the statute of limitations found

in 11 U.S.C. § 546(a), the instant action would be time barred.

After an extensive review of Defendant's contentions and independent research performed, the court finds that the opinions expressed in the case of Maxon Engineering Services, Inc. v. Alex Hornedo Robles & Assoc., *et al*, 397 B.R. 228 (Bankr. D.P.R. 2008), as sustained in Wiscovitch-Rentas v. Jose D. Almonte, 2009 WL 349360 (D.P.R. 2009), Wiscovitch-Rentas v. Plastic Piping Products of Puerto Rico, Inc., 2009 WL 393639 (D.P.R. 2009), and Wiscovitch-Rentas v. Super Roof & General Contractor, 2009 WL 1286406 (D.P.R. 2009), are applicable to the instant case.  Therefore, this court adopts the well-reasoned opinion of Maxon Engineering Services, Inc. v. Alex Hornedo Robles & Assoc., *et al* and will proceed to dismiss the present adversary proceeding.

WHEREFORE, the Court grants Defendant's motion to dismiss (Adv. No. 07-00171, Docket No. 47 and 49).

SO ORDERED.

In San Juan, Puerto Rico, this 08 day of November, 2010.



Mildred Caban Flores
U. S. Bankruptcy Judge

cc:  DEBTOR/PLAINTIFF
     FAUSTO D GODREAU ZAYAS
     US TRUSTEE
     SINDICATO DE CAMIONEROS INC